## APPEAL OF MOUNTAIN VIEW SANITARIUM CO.

Docket No. 996. Submitted June 2, 1925. Decided September 7, 1925.

Classification as a personal service corporation denied.

*I. F. Phipps, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from a determination by the Commissioner of a deficiency of $1,230.71 income and profits taxes for the year 1919 and alleges error in the refusal of the Commissioner to classify the taxpayer as a personal service corporation.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Oregon with its principal place of business at Portland, Oreg. It was incorporated in 1914 to succeed the partnership of Drs. W. T. Williamson and J. F. Calbreath, who had for several years specialized in the treatment of mental, nervous, drug, and alcoholic cases, and who had operated a sanitarium to assist in the care of their patients. The capital stock of the corporation consisted of 50 shares of the par value of $100 each, which at all times since the organization of the taxpayer corporation has been owned as follows: Dr. W. T. Williamson, 37 shares; Dr. J. F. Calbreath, 12 shares; Dr. Hugh Williamson, 1 share. This stock was issued in exchange for the transfer to the corporation of the furniture and equipment of the sanitarium which had formerly been operated by the partnership and which had a value of approximately $2,000.

During the year 1919 the taxpayer operated two small sanitariums, one known as Mountain View Sanitarium and the other as the Waverleigh Sanitarium. The capacity of the two was 34 patients. The sanitariums were operated for the treatment of mental, nervous, drug, and alcoholic cases, and no patients were admitted or treated at either of these sanitariums except patients of the corporation or of the three stockholding physicians. A limited amount of general practice was handled by the three physicians, but the entire amount of the income for these services was turned over to the corporation and treated as a part of the corporate income. The three stockholders of the taxpayer devoted their entire time and energy to the business of the corporation.

The two buildings in which the business of the taxpayer was conducted were rented. The equipment in one of these was owned while the equipment in the other was rented. The Mountain View

Sanitarium employed nine persons, none of whom were stockholders. One of these was a doctor who served as a matron, one a cook, one a janitor, one a night nurse, and five acted as general nurses and utility employees. The Waverleigh Sanitarium employed four persons, none of whom were stockholders. One of these served as a matron, one as a general utility employee, one as a cook, and one as a janitor. The taxpayer also employed a bookkeeper and stenographer who was not a stockholder.

The patients admitted to the sanitariums were those in need of restraint as a part of their proper treatment. The taxpayer corporation had regular weekly and monthly rates which included the services of the physicians. Except in a few instances patients paid in advance and the income of the taxpayer corporation was sufficient to meet its operating expenses.

The expenses incurred by the taxpayer during 1919, exclusive of the salaries paid to the three stockholders, were as follows:

| | | |
|---|---:|---:|
| Labor, wages, and commissions | | $9,592.37 |
| Provisions | | 8,807.80 |
| Drugs | | 582.97 |
| Rents: | | |
| Mountain View Sanitarium | $2,400.00 | |
| Waverleigh Sanitarium | 1,680.00 | |
| Office | 1,249.00 | |
| | | 5,329.00 |
| Laundry and advertising | | 1,597.19 |
| Light and fuel | | 1,629.27 |
| Incidentals | | 1,570.11 |
| Repairs | | 275.05 |
| Total | | 29,383.76 |

The gross income of the corporation during the year 1919 was $50,329.29. The commercial hospitals of Portland and vicinity have consistently refused to accept patients of the character admitted by the taxpayer and the sanitariums were operated primarily to properly accommodate and serve the patients of the three physicians who were the stockholders.

### DECISION.

The determination of the Commissioner is approved.

On reference to the Board, ARUNDELL took no part in the consideration.